IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MOSHE ISAAC STEIN,

    Petitioner,                   No. CIV-05-1592 GEB KJM P

    vs.

GERALD C. BENITO,              ORDER AND

    Respondent.             FINDINGS AND RECOMMENDATIONS

         Petitioner is a pretrial detainee housed in a county jail inmate and is proceeding pro se. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, together with a request to proceed in forma pauperis. Petitioner is alleging that his pretrial custody violates the Constitution and treaties of the United States, which is cognizable under 28 U.S.C. § 2241. Cf. Hughes v. Attorney General of Florida, 377 F.3d 1258, 1261-62 & n.3 (11th Cir. 2004), cert. denied, ___ U.S. ___, 125 S. Ct. 881 (2005).

         Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

         "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d

359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254).  Petitioner has named Gerald C. Benito, District Attorney of Shasta County, as respondent in this action.  This person is not the proper respondent in this action.  Accordingly, the instant petition must be dismissed with leave to amend.  See Stanley, 21 F.3d at 360.

Moreover, petitioner raises several grounds not cognizable on federal habeas at all or not cognizable in a pretrial habeas petition, which is the posture of the instant action. Petitioner alleges that he was subjected to an illegal body cavity search and has been the target of religious persecution in the Shasta County Jail (ground five).  He also claims to have been deprived of his false teeth, hearing aid and reading glasses (ground six).  The complaints about the conditions of petitioner's confinement are not cognizable in a § 2241 petition.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991) (habeas corpus petition is proper method to challenge legality or duration of confinement, but civil rights action is proper method of challenging conditions of confinement); Application Of Hodge, 262 F.2d 778, 779-80 (9th Cir. 1958).

Petitioner challenges the denial of his right to a preliminary hearing (ground two). This claim does not present a federal constitutional issue: while the state may provide for a preliminary hearing, there is no constitutional requirement that such a hearing be held.  Lem Woon v. State of Oregon, 229 U.S. 586, 589 (1913); Howard v Cupp, 747 F.2d 510 (9th Cir. 1984).

In addition, petitioner challenges the prosecution's failure to release the results of a voice stress analysis, which, petitioner claims, are favorable to him (ground four).  In Brady v. Maryland, 373 U.S. 83 (1963), the Supreme Court recognized a prosecutor's constitutional obligation to provide exculpatory evidence to the defense.  A Brady claim is based on the impact of the non-disclosure on the right to a fair trial.  See Kyles v. Whitley, 514 U.S. 419, 434-35 (1995) ("The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." ).  At this stage in the proceedings,

1 petitioner cannot show the impact, if any, on his right to a fair trial. See <u>United States v. Gamez-</u>
2 <u>Orduno</u>, 235 F.3d 453, 461 (9th Cir. 2000) (potential <u>Brady</u> violation may be cured by the release
3 of evidence at a time the defense may still make some use of it).

4 Petitioner does allege that he has been denied his federal constitutional right to a
5 speedy trial, a ground cognizable in a § 2241 petition (ground one). <u>McNeely v. Blanas</u>, 336
6 F.3d 822 (9th Cir. 2003). He also claims he has been denied access to consular officials even
7 though he is a foreign national (ground three). These grounds may raise cognizable claims given
8 the posture of this case. But see <u>Breard v. Greene</u>, 523 U.S. 371, 376 (1998); <u>Darby v. Hawk-</u>
9 <u>Sawyer</u>, 405 F.3d 942, 945-46 (11th Cir. 2005). Accordingly, they may be included in an
10 amended petition, and may be considered by this court if state remedies have been exhausted as
11 to each ground. <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509 (1982) (federal court may not act on habeas
12 petition unless petitioner has exhausted state remedies with respect to each of the claims raised).

13 Finally, on September 13, 2005, petitioner filed a letter requesting a stay of the
14 proceedings in Shasta County pending the resolution of this action. In light of the
15 recommendation below that his action be dismissed with leave to amend, there is no basis to
16 support his request at this time.[1]

17 IT IS HEREBY ORDERED

18 1. Petitioner's request to proceed in forma pauperis is granted.

19 2. Petitioner's September 13, 2005 request for a stay of proceedings is denied
20 without prejudice.

21 IT IS HEREBY RECOMMENDED that petitioner's application be dismissed
22 with leave to file an amended petition in accordance with the discussion above within thirty days
23 of any order adopting these findings.

24 /////

---

[1] If the district judge does not adopt the recommendation of dismissal, petitioner may renew his request for a stay following the filing of the district judge's order.

3

1   These findings and recommendations are submitted to the United States District
2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3   days after being served with these findings and recommendations, petitioner may file written
4   objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5   Findings and Recommendations."  Petitioner is advised that failure to file objections within the
6   specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
7   F.2d 1153 (9th Cir. 1991).
8   DATED: January 18, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

14  2/stei.1592.f&r