IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MOSHE ISAAC STEIN,

        Petitioner,              No. CIV S-05-1592 GEB KJM P

       vs.

DIRECTOR OF CORRECTIONS,
et al., [1]

        Respondents.          FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus.  When the action was filed, petitioner was a pretrial detainee; his application for habeas relief was filed under the authority of 28 U.S.C. § 2241.  In findings and recommendations filed January 20, 2006, this court found all but two of his claims not cognizable in a proceeding under § 2241 and recommended that the action be dismissed with leave given to file an amended petition containing petitioner's claims of denial of his right to a speedy trial and of his right to consult with a consular official from his country.

/////

_____

   [1]  At the time the action was filed, petitioner was a pretrial detainee, in the custody of the Sheriff of Shasta County.  Petitioner has since been convicted and sentenced to the California Department of Corrections and Rehabilitation.  Accordingly, the court substitutes petitioner's current custodian.  See Fed. R. Civ. P. 25(d).

1    On May 5, 2006, petitioner filed an amended petition, raising five grounds: denial

2   of his right to a speedy trial; denial of his access to consular officials; violation of his Fifth and

3   Fourteenth Amendment rights by use of statements that were involuntary and taken in violation

4   of his rights under Miranda v. Arizona, 384 U.S. 436 (1966); denial of his right to the effective

5   assistance of counsel when his motions to relieve counsel were denied; and denial of his right to

6   represent himself.  Petitioner noted he had been convicted in Shasta County Superior Court and

7   that an appeal is currently pending in the California Court of Appeal for the Third Appellate

8   District.

9   I.  Pretrial Issues–Speedy Trial And Denial Of Access To Consular Official

10    Before this court may proceed, it must determine whether these issues present an

11   actual "case or controversy" upon which it may grant relief.  Spencer v. Kemna, 523 U.S. 1, 7

12   (1998); Jackson v. California Department of Mental Health, 399 F.3d 1069, 1071 (9th Cir.),

13   amended on denial of rehearing by 417 F.3d 1029 (9th Cir. 2005).  Petitioner's conviction on

14   state charges renders his pretrial attempts to enforce his rights moot.  Yohey v. Collins, 985 F.2d

15   222, 228-29 (5th Cir. 1993); Medina v. State of California, 429 F.2d 1392, 1393 (9th Cir.1970).

16   II.  Post-Conviction Issues

17    To the extent petitioner is raising additional issues not stemming from any

18   perceived violation of his rights as a pre-trial detainee, the proper vehicle is a petition for a writ

19   of habeas corpus under 28 U.S.C. § 2254.  White v. Lambert, 370 F.3d 1002, 1006-08 (9th Cir.

20   2004).  Although petitioner claims he has exhausted his state remedies by pretrial writ on all the

21   issues raised, he may nevertheless not proceed with the instant action while the state court

22   proceedings are pending.

23    In Younger v. Harris, 401 U.S. 37, 54 (1971), the Supreme Court recognized the

24   "longstanding public policy against federal court interference with state court proceedings . . ."

25   and reversed the district court's enjoining of a prosecution against Harris for violations of

26   California's criminal syndicalism statutes.

1    Subsequent cases have distilled the principles of Younger into a three-part test: a

2  federal court should abstain from adjudicating a lawsuit if (1) there are pending state judicial

3  proceedings, (2) the state proceedings implicate important state interests, and (3) the state

4  proceedings provide an adequate opportunity to raise federal questions.  Middlesex County

5  Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 532 (1982).

6    A.  Pending State Proceedings

7    In Huffman v. Pursue, Ltd., 420 U.S. 592, 608 (1975), the U.S. Supreme Court

8  held that even when the appellee's trial was over by the time Pursue brought its federal

9  complaint, a losing party like Pursue must exhaust its state appellate remedies before seeking

10  relief in the federal court, unless an exception to Younger applies.  In World Famous Drinking

11  Emporium, Inc. v. Tempe, 820 F.2d 1079, 1082 (9th Cir. 1987), the Ninth Circuit held, for

12  Younger abstention purposes, exhaustion of state appellate remedies did not occur until the

13  losing party appealed the adverse rulings to the state supreme court.  Failure to exhaust state

14  appellate remedies satisfies the requirement of ongoing state proceedings.  Id.

15    Petitioner did raise at least some of these issues pretrial.  However, in Pitchess v.

16  Davis, 421 U.S. 482, 488 (1975), the Supreme Court recognized that a pretrial writ of

17  prohibition, even one rejected by the California Supreme Court, "does not constitute, and cannot

18  be fairly read as, an adjudication on the merits."  As the California Supreme Court has held:

19        should the Court of Appeal summarily deny a pretrial petition for a
          writ, a defendant can still appeal his or her conviction following
20        entry of judgment, and the earlier summary denial of writ relief
          will not constitute law of the case or res judicata.

21

22  People v. Mazurette, 24 Cal.4th 789, 798 (2001).  Accordingly, because petitioner still has his

23  direct appeal available as a forum to raise the claims he has brought here, the state proceeding is

24  still "pending" for Younger purposes.  Moreover, because petitioner has raised his issues only in

25  a pretrial writ in the California courts, it appears he has not exhausted his state remedies for

26  purposes of 28 U.S.C. § 2254 as well.  Pitchess, 421 U.S. at 488.

1           B.  Important State Interest

2           Younger held that interference with a state criminal prosecution would disrupt the

3 exercise of a basic state function, "prohibiting the State from carrying out the important and

4 necessary task of enforcing these laws against socially harmful conduct that the State believes in

5 good faith to be punishable under its law and Constitution." Younger, 401 U.S. at 51-52.  A

6 criminal prosecution implicates important state interests.  Accordingly, the second Younger

7 requirement is met.

8           C.  Opportunity To Raise Federal Questions

9           "Where valid state interests are involved, a federal court should abstain 'unless

10 state law clearly bars the interposition of constitutional claims.'" Middlesex County Ethics

11 Comm., 457 U.S. at 432 (internal citation omitted).  Federal plaintiffs "need be accorded only an

12 opportunity to fairly pursue their constitutional claims in the ongoing state proceedings. . . ."

13 Juidice v. Vail, 430 U.S. 327, 337 (1977); Communications Telesystems International v.

14 California Public Utility Commission, 196 F.3d 1011, 1019-20 (9th Cir. 1999).  The state courts

15 routinely consider federal constitutional issues as part of the criminal appellate process.  See,

16 e.g., People v. Phillips, 135 Cal.App.4th 422, 424 (3d Dist. 2006) (considering appellant's claim

17 that the trial court improperly denied his motion to represent himself under Faretta v. California,

18 422 U.S. 806 (1975)). Thus, the third requirement of Younger is met as well.

19           Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for

20 a writ of habeas corpus be dismissed.

21 /////

22 /////

23 /////

24 /////

25 /////

26 /////

1        These findings and recommendations are submitted to the United States District

2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3 days after being served with these findings and recommendations, petitioner may file written

4 objections with the court.  The document should be captioned "Objections to Magistrate Judge's

5 Findings and Recommendations."  Petitioner is advised that failure to file objections within the

6 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

7 F.2d 1153 (9th Cir. 1991).

8 DATED:  December 14, 2006.

9 _____

    U.S. MAGISTRATE JUDGE

10

11 2/stei.1592.156x2

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26