IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MOSHE ISSAC STEIN,

    Petitioner,                    No. CIV S-05-1592 GEB KJM P

    vs.

DIRECTOR OF CORRECTIONS, et al.,

    Respondents[1].             FINDINGS AND RECOMMENDATIONS

/

         Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus challenging his Shasta County convictions for violations of California Penal Code §§288(a), 314, and 311.11. Respondent has filed a motion to dismiss, arguing that the petition contains both exhausted and unexhausted claims.

I. Background

         Petitioner was convicted after a court trial and on October 18, 2005, was sentenced to a term of sixteen years in prison. Lodged Documents (Lodg. Docs.) 1 & 2 at 2.

         Petitioner appealed his conviction, arguing that the court erred in denying his motion to discharge counsel and his motion to represent himself, and that the evidence to support

---

[1] The court substitutes the Director of Corrections, petitioner's current custodian, for Gerald Benito, who was the custodian when the original petition was filed. Fed. R. Civ. P. 25(d).

1

one of the convictions was insufficient. <u>See</u> Lodg. Doc. 3 at i-ii.  The Court of Appeal affirmed the conviction on December 5, 2006.  Lodg. Doc. 2.

Petitioner pursued his direct appeal through a petition for review, which raised only two issues, the denial of petitioner's motions for new counsel and to represent himself. Lodg. Doc. 4 (Petition for Review).  The Supreme Court denied review on February 7, 2007. Lodg. Doc. 4 (Supreme Court Order).[2]

The amended petition in this case, filed May 5, 2006, raises five claims: (1) petitioner was denied his right to a speedy trial; (2) petitioner was denied his right of access to Australian consular officers; (3) petitioner's statements to the police were not voluntary and the prosecution failed to demonstrate compliance with <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966); (4) the trial court erred in denying petitioner's motion to replace counsel; and (5) the trial court erred in denying petitioner's request to represent himself.

This court originally recommended that the amended petition be dismissed because petitioner's appeal was pending.  Petitioner filed objections after the Supreme Court denied his petition for review, at which point this court vacated its recommendation and directed respondent to address the amended petition.

II. <u>Analysis</u>

Respondent argues that only claims four and five of the instant petition are exhausted because only these claims were included in the direct appeal of petitioner's conviction. Petitioner contends that claims one, two and three were exhausted in a petition denied by the California Supreme Court on July 20, 2005.  Opp'n at 1.  Respondent counters that this petition must have been filed while petitioner was awaiting trial, because he was not convicted until September 26, 2005, and not sentenced until October 2005, and does not satisfy the exhaustion requirement.  Reply at 2; <u>see</u> Lodg. Doc. 1.  This court takes judicial notice of the publicly

---

[2] There are two lodged documents assigned the number 4.

1  available docket in <u>Stein v. Superior Court, Shasta County</u>, C049777 (Cal. Ct. App. 3d Dist.),
2  which shows that on May 17, 2005, petitioner filed a petition for a writ of mandate or
3  prohibition in the Court of Appeal; the petition was denied on May 19, 2005.  The docket for
4  <u>Stein v. Superior Court</u>, S134823 (Cal. S. Ct.), reflects that on June 6, 2005, petitioner filed a
5  petition for review of the Court of Appeal's denial; this was denied on July 20, 2005.  See <u>Doe v.
6  Mann</u>, 415 F.3d 1038, 1040 n.3 (9th Cir. 2005) (judicial notice of state court records).

7  The exhaustion of state court remedies is a prerequisite to the granting of a
8  petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion
9  requirement by providing the highest state court with a full and fair opportunity to consider all
10 claims before presenting them to the federal court.  <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971);
11 <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir.), <u>cert. denied</u>, 478 U.S. 1021 (1986).

12 The state court has had an opportunity to rule on the merits when the petitioner
13 has fairly presented the claim to that court.  There are three elements to the fair presentation
14 requirement:

> A petitioner fairly and fully presents a claim to the state court for
> purposes of satisfying the exhaustion requirement if he presents the
> claim: (1) to the proper forum, (2) through the proper vehicle, and
> (3) by providing the proper factual and legal basis for the claim.  A
> petitioner must alert the state courts to the fact that he is asserting a
> federal claim in order to fairly and fully present the legal basis of
> the claim.

19 <u>Insyxiengmay v. Morgan</u>, 403 F.3d 657, 668 (9th Cir. 2005).

20 In <u>Castille v. Peoples</u>, 489 U.S. 346, 348, 351-52 (1989), the Supreme Court
21 considered whether a claim brought in a petition for allocatur before the Pennsylvania Supreme
22 Court could satisfy the requirement of fair presentation because of the discretionary nature of
23 allocatur review in Pennsylvania.  The court held that the fair presentation requirement has not
24 been met "where the claim has been presented for the first and only time in a procedural context
25 in which its merits will not be considered unless there are special and important reasons
26 therefor."  <u>Id</u>. at 351 (internal citation & quotation omitted).

In <u>Pitchess v. Davis</u>, the Supreme Court said:

> In California it is well established that a writ of prohibition is an extraordinary writ, whose use for pre-trial review is normally limited to 'questions of first impression and general importance. The denial of an application for writ of prohibition does not constitute, and cannot be fairly read as, an adjudication on the merits of the claim presented. Inclusion of an asserted point of error in a denied pretrial application for writ of prohibition does not bar raising the same points on post-trial direct appeal.
>
> . . . .In the instant case, denial by state appellate courts of respondent's applications cannot be fairly taken to be an adjudication of the merits of his claim and full post-trial appellate review is available if respondent is convicted.

421 U.S. 482, 488 (1975). Under this authority, petitioner has not exhausted the first three claims of his petition.

The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. <u>Rose v. Lundy</u>, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (docket no. 25) be granted, that petitioner be ordered to file a second amended petition containing only exhausted claims, and that respondent be ordered to respond to any second amended petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

/////

/////

/////

4

1  shall be served and filed within ten days after service of the objections.  The parties are advised
2  that failure to file objections within the specified time may waive the right to appeal the District
3  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: July 7, 2008.

_____
U.S. MAGISTRATE JUDGE

2
stei1592.157