1

2

3

4

5

6

7

8

9                           IN THE UNITED STATES DISTRICT COURT

10                        FOR THE EASTERN DISTRICT OF CALIFORNIA

11   MOSHE ISAAC STEIN,

12              Petitioner,                    No. CIV S-05-1592 GEB KJM P

13        vs.

14   DIRECTOR OF CORRECTIONS, et al.,

15              Respondents.               ORDER

16   _____/

17              Petitioner is a state prison inmate proceeding pro se with a writ of habeas corpus

18   under 28 U.S.C. § 2254.  On September 23, 2009, this court recommended that this petition be

19   denied.  On October 20, 2009, petitioner filed a motion for an extension of time, citing his

20   limited access to the law library and a variety of health problems that make it difficult for him

21   physically to prepare the documents.  He also alleged that he has never had access to complete

22   files and transcripts, which he believes are essential to support his objections.  He attached copies

23   of letters dated October 7, 2009, which he sent to his various trial and appellate counsel, asking

24   for his files.

25              On December 1, 2009, petitioner filed a motion for a stay of these proceedings to

26   permit him to "investigate[] recently discovered evidentiary materials and then exhaust[] state

                                                1

1  remedies raised by that evidence."  Docket No. 41 at 1.  He suggests without specifics that the

2  materials may disclose previously unidentified claims of ineffective assistance of trial and

3  appellate counsel.  Id. at 2.

4            In King v. Ryan, 564 F.3d 1133, 1141 (9th Cir.), cert. denied, 130 S.Ct. 214

5  (2009), the Ninth Circuit recognized that when a petitioner has filed a fully exhausted petition

6  and seeks a stay, the court retains the discretion to apply the three step procedure of Kelly v.

7  Small, 315 F.3d 1063 (2003), because the procedure outlined in Rhines v. Weber, 544 U.S. 269

8  (2005), requiring a showing of good cause, applies only to mixed petitions.  The King court

9  mused that it was unlikely the Kelly procedure would be abused by late filing petitioners because

10  of the risk that the newly exhausted claims will not be timely.  King, 564 F.3d at 1140.  It noted

11  that a stay would be appropriate "when valid claims would otherwise be forfeited.'"  Id. at 1141

12  (quoting Kelly, 315 F.3d at 1070).  One district court has found the Kelly procedure may be

13  appropriate even when, as here, the request for a stay is raised in objections to findings and

14  recommendations on the merits of the petition.  Haskins v. Schriro, 2009 WL 3241836 (D. Ariz.

15  2009).

16            In this case, however, the court declines to exercise its discretion to grant a stay.

17  The procedural history of the case is this:  While state criminal proceedings were pending,

18  petitioner filed the instant action, which he labeled a petition for a writ of habeas corpus under 28

19  U.S.C. § 2241.  In fact, the action was an amalgam of some claims appropriately brought in a

20  civil rights action, some claims that could only be raised in a § 2254 petition after trial, and a

21  challenge to the alleged denial of a speedy trial -- the latter the only ground properly raised in a

22  pretrial habeas petition. See Docket No. 1.  The original action also included a chronological list

23  of failings by the series of lawyers appointed to represent petitioner in state court.  Id. at 11-17.

24  Petitioner also asked for a stay of his state criminal proceedings.  Id.; see also Docket No. 6.

25            The original petition was dismissed, but petitioner was given leave to file an

26  amended petition.  In the meantime, petitioner had been convicted and sentenced to state prison.

He thereafter prepared an amended petition, which this court originally  recommended be dismissed because of the pendency of petitioner's state appeal.  See Docket No. 15.  This recommendation was vacated after petitioner filed objections, alleging that the direct appeal process in the state court had concluded; this court then directed the warden to respond to the petition.  See Docket No. 22.

Respondent filed a motion to dismiss, asserting that the amended petition contained both exhausted and unexhausted claims. This court recommended that the motion be granted and that petitioner be ordered to file a petition containing only exhausted claims, a recommendation adopted by the district court.  See Docket Nos. 31 & 32.

The second amended petition was filed on September 12, 2008.  See Docket No. 33.  It alleged that the court erred in denying petitioner's four motions to replace Attorney Ruffcorn with new appointed counsel and his two motions to represent himself.  Among the many reasons petitioner sought to have trial counsel replaced was his claim that Attorney Ruffcorn was not representing him in a constitutionally adequate fashion.  See RT 505-507.

Petitioner's decision to request his files in 2009, two and a half years after the California Supreme Court denied his petition for review, does not appear to be a diligent pursuit of claims of which he was aware when he filed the original federal petition in 2005, and so suggests that any amended petition based on such claims would not be timely.  See Flanagan v. Johnson, 154 F.3d 196 (5th Cir. 1998).  For these reasons, this court declines to exercise its discretion to stay the instant proceedings.

Accordingly, IT IS HEREBY ORDERED that petitioner's December 1, 2009 Motion to Stay (docket no. 41) is denied.

DATED:  December 7, 2009.

_____
U.S. MAGISTRATE JUDGE

2/stei1592.sty

3